United States of America

District Court of South Carolina

RECEIVED
USDC, CLERK GREENVL
2025 OCT 20  PM 3:07

In Re: Dennis Donald Parker, Cestui

Susan Tiller Parker, Cestui

V

Attorney Hiedi B. Carey, Attorney Stephanie M Huggins,
Attorney M. McMullen Taylor, Attorney Jamie A. Weller,
for Riley Pope and Laney Law Firm,
John K. Fort Bankruptcy Trustee, Attorney Daniel Christian Abarno,
Attorney John William Farrel, Attorney Shannon Christy Kaufman,
Attorney January N. Taylor, Attorney Pamela Price, Attorney Taylor N. Way,
for McMichael Taylor Gray Law Firm in their individual
capacity and any other person acting in concert with them,
Rushmore Servicing,
U.S Bank Trust National Association not in its individual capacity
but solely as Owner Trustee for Citigroup Mortgage Loan Trust 2021-rp6

Case # _____

**Non Statutory Petition in Equity for a Mandatory Injunction and Other Equitable Relief**

Request: Chief Justice of Federal Court

### Jurisdiction

Article 3, Subsection 2, Clause 1 in Equity, of the United States Constitution, this court has jurisdiction to hear this matter and venue for judicial determination under original jurisdiction.

Petitioners petition this court of equity for equitable relief in the nature of mandatory injunction because petitioners have no speedy adequate remedy at law 9and irreparable harm will continue to occur if this court does not take immediate action against defendant(s) who has already caused harm and will continue to do so in the future.

Mortgage company has acted in a bad faith manner to obtain unjust enrichment against the petitioners who, by **misguided confidence** has agreed to terms of an unconscionable contract and has **inadvertently granted the power of sale to the mortgage company, which was never intended.** The immediate threat herein lies in the situation where the mortgage company would sell the home of the petitioners leaving the petitioners without a home, with losses of all the payments provided to the mortgage company / servicer, labor that the petitioner put into the building, maintenance, and peaceable enjoyment of the home and lands that the home sits upon.

On May 7, 2024 we received a letter from Riley, Pope & Laney, law Firm stating that they were a debt collector, and that we owe a debt to U.S. Bank Trust National Association and said "**if you write to us by June 14, 2024, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.**" We sent a "Notice of error in Conjunction with a Bonafide Qualified Written Request and Petition for a verification of debt." to them by June 14, 2024. Stating that as of this notice U.S. Bank Trust National Association **must stipulate in writing by sworn affidavit** along with Riley, Pope & Laney law firm **all 27 questions** listed, and **that we have lawfully disputed any and all of your alleged debt.** This is your official written notice and we require that **your Law Firm and its Attorneys will be acting in good faith, in good conscience, and with clean hands by honoring your agreement that you sent to us**, that your Attorneys assigned to this case, **will immediately stop all collections efforts and action that you currently are actively proceeding with according to your Law Firms contractual offer.** Unbeknownst to us, on May 15, 2024, Attorney Hiedi B. Cary had already filed for foreclosure just a week after they send us their offer to dispute the debt.

Even though we disputed all the debt, **we received no written response** from them. July 12, 2024 we filed a Motion to Dismiss and entered our written dispute of the debt response into the foreclosure case. During this **whole time the emotional stress, extreme pressure and fear of possibly losing our home** combined with what all we were going through, my wife in August underwent two near life scares and ended up having 2 surgeries which added more pressure because we didn't have insurance. After this irreparable harm, but before the motion to Dismiss court date, **without a reason given,** the attorneys for **Riley, Pope & Laney,** Hiedi B Cary, Stephanie M. Huggins and M. McMullen Taylor **instead of responding** to our written Petition for Debt verification, the Plaintiff motioned the Court to request that **Taylor N. Way of McMichael Taylor Gray, Llc** be substituted as counsel in the foreclosure case and that Riley Pope & Laney, Llc be relieved as Plaintiff's counsel, stating that both counsel have noted their consent to this motion and **no unreasonable delay**

**or prejudice will accrue.** This motion was filed on Friday, September 13, 2024 and on Monday, September 16, 2024 the order was approved without giving us a chance to object to the motion. With all the pressure and debt adding up, we filed Chapter 7 bankruptcy and to make matters worse the Trustee, John Fort emailed me May 7, 2025 and said the business I owned is a sole proprietorship, so it must be closed immediately and all operations ceased. Then he called the next day to make sure it was shut down, and now he's filing to dismiss the case. This has caused enormous harm, grief and more increased hardship. Now the stay has been lifted and attorneys from McMichael Taylor Gray llc have ask for summary judgment and a court date is set for November 10. Based on past injury and hardship we are seeking injunctive relief, and show a real and immediate threat that the injury will continue or be repeated. **Equity will take jurisdiction to avoid a multiplicity of suits.**

Petitioners petition this equitable court for a mandatory injunction against attorneys at law, in their individual capacity, acting as a constitutional officer, under oaths, yet in clear violation of Article 14, Section 3 of the United States constitution to which they have an oath to uphold;

### Article 14 Section 3 of the United States Constitution states:

"No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability."

**Equity will not suffer a wrong to be without a remedy.**

Petitioners understand that a mandatory injunction, as opposed to a prohibitory one, does not maintain the status quo, but rather compels the performance of an affirmative act, and in this case, the act is to restrain the defendant(s) from causing any further injury by acting in concert with aiding the enemy against his oath outlined in Article 14, Section 3 of the United States constitution.

Petitioners request that this court of equity compel the person(s) named in a mandatory injunction to undo the wrong or injury with which he or she is charged, which may involve, for example, the undoing of illegal acts against the person and property of the petitioners in accordance with the 4th amendment liberties of the petitioners and restrain any further performance of an act which would violate the injunction requested and to which the petitioners are entitled to. **Equity regards the beneficiary as the true owner.**

Whether an injunction is mandatory or prohibitory should be determined by the effect that it has on the parties involved or what will have to be done to comply with it and which will be determined by the court for this equitable matter complained of today.

Petitioners request this mandatory injunction due to great necessity to restore all parties to status quo after repeated acts which have caused irreparable injury, extreme and very serious damage to the petitioners and required, due to the need of sound exercise of judicial discretion and in conformity with settled equitable principle.

Petitioners verify that they possess the appropriate entitlement to the relief sought and verify that extreme or serious damage would result absent the relief. Petitioners also demonstrate they have a reasonable probability of succeeding on the merits in their overall case at trial due to the constitutional violations under article 14, section 3 acting against their oaths of office, and the defendant(s), whose behavioral pattern, is causing extreme distress to the petitioners. Petitioners insist that the balance of equities tip in **their** favor, and that an injunction is in the public interest to maintain the appearance of fairness and in the nature of justice.

The remedy of an injunction is generally prohibitory, meaning that the injunction forbids the continuance of a wrongful act or the causing of some threatened or anticipated injury. An injunction is considered prohibitory when the thing complained of results from present and continuing affirmative acts and the injunction merely orders the defendant(s) to refrain from doing those acts. In other words, a prohibitory injunction requires a party to desist from doing certain acts in order to preserve the status quo. In contrast, mandatory injunctions require positive action involving a change of existing conditions by the doing or undoing of an act. **Equity sees that as done what ought to be done.**

Relief Requested:

Petitioners request relief in the nature of a Preliminary Mandatory Injunction which may be issued to restore the status quo as it existed before the defendant(s) acted.

Affidavit of the Truth of the Matter Stated

**I declare verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

**Executed on October 20, 2025**

*Dennis Donald Parker*

Dennis Donald Parker Cestui
3300 North Main Street D-162
Anderson, South Carolina
864-745-9180
Drpip29@gmail.com

*Susan Tiller Parker*

Susan Tiller Parker Cestui
3300 North Main Street D-162
Anderson, South Carolina
864-745-9179