IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dennis Donald Parker and Susan Tiller Parker, | ) ) | Case No. 3:25-cv-13057-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Heidi B. Carey, Stephanie M. Huggins, M. McMullen Taylor, Jamie A. Weller, John K. Fort, Taylor N. Way, Rushmore Servicing, January N. Taylor, Daniel Christian Abarno, John William Farrel, U.S. Bank Trust National Association, Shannon Christy Kaufman, Pamela Price, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiffs' complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On November 17, 2025, and January 12, 2026, the Magistrate Judge issued proper form orders. ECF Nos. 7, 14. Plaintiffs filed objections to these orders. ECF Nos. 13, 16. On February 26, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without leave to amend, and without issuance and service of process. ECF No. 19. The Magistrate Judge advised Plaintiffs of the procedures and requirements for

filing objections to the Report and the serious consequences for failing to do so. Plaintiffs have not filed objections to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with the proper form orders. He further recommends dismissal because Plaintiffs' requested relief, an injunction restoring their ownership in the subject property, runs afoul of the *Rooker-Feldman*[1] doctrine; because abstention is

---

[1] The *Rooker-Feldman* Doctrine gets its name from two cases decided by the United States Supreme Court finding that the district court lacks subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments where the district court is requested to review and reject those judgments. *See Dist. Of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

appropriate under *Younger*[2], and because the complaint is frivolous.  The Court will begin with a ruling on the outstanding objections to the proper form orders.

As noted above, Plaintiffs filed objections to the proper form orders.  The Magistrate Judge's orders are non-dispositive.  Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").  The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order.  *Id*.  Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review.  *Id*.  Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948).  The Court has reviewed the Magistrate Judge's orders and Plaintiff's objections.  Upon such review, the Court finds that the Magistrate Judge's orders are neither clearly erroneous nor contrary to law.  Accordingly, the objections are overruled.

---

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

Turning to the remainder of the Report, as Plaintiffs did not file objections, the Court's review has been de novo. Plaintiffs did not have a final ruling as to the proper form orders at the time the Report was filed. Accordingly, the Court finds that the portion of the Report recommending dismissal for failure to comply with the proper form orders as moot. However, as to the substantive grounds for dismissal, the Court agrees with the recommendations of the Magistrate Judge.

Therefore, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendations that this action is subject to dismissal pursuant to *Rooker-Feldman*, *Younger*, and as frivolous. The portion of the Report recommending dismissal pursuant to Rule 41 is found as moot. This action is **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 1, 2026
Spartanburg, South Carolina

4